# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS GARRETT, <br> JAQUEL WASHINGTON, <br> DAVID JONES, <br> CHARLES SCOTT, <br> CODY VERNOY, <br> LUMUMBA LLOYD, <br> STEVEN CONKLIN, <br> TONY TOWNSEND, <br> SHAUNDREA ALLEN, <br> BRIAN WOOD, <br> ROBERT SCALES, <br> MICHAEL JACKSON, <br> BRIAN HILL, <br> MICHAEL NEWTON, <br> TERYUN JACKSON, <br> CASEY STOWERS, <br> BERNARD CHERRY, <br> SHAMOND HOWARD, <br> LARRY PITMAN, and <br> JORDAN SCALES, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILLIP MCLAUREN, <br> NICK NICHOLS, and <br> ST. CLAIR COUNTY JAIL, <br><br> Defendants. | Case No. 17-cv-871-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is, once again, before the Court for case management and for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. The action was originally filed on August 16, 2017 by 20 detainees at St. Clair County Jail ("Jail") in Belleville, Illinois. (Doc. 1). The Court entered a preliminary order in this matter on August 24, 2017. (Doc. 3). In it, each

1

plaintiff, aside from the lead plaintiff Carlos Garrett, was ordered to advise the Court in writing, no later than September 22, 2017, whether he or she wished to pursue his or her claims in group litigation. *Id.* None of the original plaintiffs have asked to remain a party to this group action. In fact, all but two plaintiffs failed to respond to the Order entirely. Tony Townsend and Steven Conklin, the two plaintiffs who responded, seek removal from this action without the imposition of a filing fee. *See* (Docs. 37, 38).

## Background

The Complaint was filed by 20 individuals who were or are in custody at the Jail. (Doc. 1). Together, they set forth claims against the Superintendent of the Jail, Phillip McLauren, Correctional Officer Nick Nichols, and the Jail itself. (Doc. 1). In the Complaint, the plaintiffs claim that inmates "are denied the right to a grievance procedure," that "the sick call procedure is broken" at the Jail, that there is black mold in the shower, and that there are no emergency buttons in the cells. (Doc. 1, pp. 4-5). The plaintiffs seek monetary damages and injunctive relief. (Doc. 1, p. 6).

The Court entered a preliminary order in this matter on August 24, 2017. (Doc. 3). There, the Court explained the difficulties associated with group litigation. (Doc. 3, pp. 2-4). The Court warned the plaintiffs of the risks and costs inherent in such proceedings. *Id.* Plaintiffs were then given an opportunity to withdraw from the group litigation. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

Every plaintiff was ordered to advise the Court in writing whether he or she wished to continue as a plaintiff in the group action on or before September 22, 2017. (Doc. 3, p. 5). Any plaintiff who wanted to pursue his or her claims individually in a separate lawsuit was ordered to so advise the Court in writing by the same deadline, and the Court would sever that plaintiff's

2

claims into a new action and assess a filing fee in the severed case. *Id.* The plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee was to request dismissal from the action in writing by this deadline. The Court explicitly stated that "**[a]ny plaintiff who simply does not respond to this Order on or before September 22, 2017** ***will*** **be obligated to pay the complete filing fee and will also be dismissed from this action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**" (Doc. 3, p. 6) (emphasis in original).

The Court further warned that "**[a] plaintiff's failure to pay the filing fee or submit an IFP Motion along with a certified trust fund statement by the September 22, 2017 deadline will also result in that plaintiff's dismissal from this action for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**" *Id.*

Plaintiffs **Tony Townsend** (Doc. 37) and **Steven Conklin** (Doc. 38) requested dismissal from this group litigation without the imposition of a filing fee. Plaintiffs **JaQuel Washington**, **David Jones**, **Charles Scott**, **Cody Vernoy**, **Lumumba Lloyd**, **Shaundrea Allen**, **Brian Wood**, **Robert Scales**, **Michael Jackson**, **Brian Hill**, **Michael Newton**, **Teryun Jackson**, **Casey Stowers**, **Bernard Cherry**, **Shamond Howard**, **Larry Pitman**, and **Jordan Scales** failed to respond to the Court's order by the deadline, thereby triggering an obligation to pay the filing fee for this action despite being dismissed for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b).[1] Additionally, Plaintiffs JaQuel Washington, David Jones, Lumumba Lloyd, Michael Newton, and Bernard Cherry failed to pay

---

[1] The Court's Order (Doc. 3) was returned as undeliverable as to Washington, Newton, and Pitman, and though it appears Newton is still incarcerated, the Court is unaware of Pitman and Washington's current addresses. In the initial Notification (Doc. 2) to the plaintiffs that their suit had been filed, the Clerk advised the plaintiffs of their continuing obligation to keep the Clerk informed of changes in their addresses within seven days of a transfer or address change. The Clerk informed the plaintiffs that failure to comply could result in dismissal of the action for want of prosecution. Newton, Pitman, and Washington, though they are being dismissed on other grounds, have also violated their aforementioned obligation to maintain an updated address with the Court.

a filing fee or submit a Motion to Proceed *In Forma Pauperis*, which is a separate ground for dismissal. Lead plaintiff **Carlos Garrett** was not required to respond in order to remain in this action, and will therefore be the only Plaintiff to continue in this suit.

### Pending Motions

Plaintiff Townsend's Motion for Leave to Proceed *in forma pauperis* (Doc. 28) is **DISMISSED** as moot. Plaintiffs Vernoy, Pitman, R. Scales, J. Scales, Garrett, Stowers, M. Jackson, Howard, Hill, Scott, Allen, Wood, and T. Jackson have filed Motions for Leave to Proceed *in forma pauperis* (Docs. 4, 5, 6, 7, 8, 9, 10, 11, 21, 23, 24, 26, 31, 34) that will be addressed in a separate order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that plaintiffs **JAQUEL WASHINGTON**, **DAVID JONES**, **CHARLES SCOTT**, **CODY VERNOY**, **LUMUMBA LLOYD**, **SHAUNDREA ALLEN**, **BRIAN WOOD**, **ROBERT SCALES**, **MICHAEL JACKSON**, **BRIAN HILL**, **MICHAEL NEWTON**, **TERYUN JACKSON**, **CASEY STOWERS**, **BERNARD CHERRY**, **SHAMOND HOWARD**, **LARRY PITMAN**, and **JORDAN SCALES** are **TERMINATED** as plaintiffs in this action. Their claims are **DISMISSED** with prejudice for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g). However, each of these plaintiffs remains obligated to pay the filing fee for this action.[2]

**IT IS FURTHER ORDERED** that plaintiffs **TONY TOWNSEND** and **STEVEN CONKLIN** are **TERMINATED** as plaintiffs in this action per their request and pursuant to this

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

Court's Order at Doc. 3.  This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g), and Townsend and Conklin are **not** obligated to pay the filing fee for this action.

Plaintiff Garrett is **ADVISED**, as the only remaining plaintiff in this action, that the Complaint still awaits preliminary review pursuant to 28 U.S.C. § 1915A.

Plaintiff Garrett is also **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 4, 2017**

*s/J. Phil Gilbert*
United States District Judge
