# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS GARRETT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 17-cv-871-JPG |
| PHILLIP MCLAUREN, | ) |
| NICK NICHOLS, and | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Carlos Garrett, a former detainee in St. Clair County Jail (the "Jail"), brings this action pursuant to 42 U.S.C. § 1983 for depriuations of his constitutional rights that allegedly occurred at the Jail. In his Complaint, Plaintiff claims the defendants violated his constitutional rights in various ways. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>   (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As a part of screening, the Court is also allowed to sever unrelated claims against different defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George*, the Seventh Circuit emphasized that the practice of severance is important, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id*. This practice is encouraged. The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them). Consistent with *George*, *Owens*, and *Wheeler*, unrelated claims will be severed into new cases, given new case numbers, and assessed separate filing fees.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: inmates are denied access to a grievance procedure at the Jail. (Doc. 1, p. 4). When inmates fill out captain

complaints, they do not receive a copy with responses back. *Id.* They therefore cannot ask for a hearing. *Id.* Staff "intentionally withhold captain complaints to avoid" grievances. *Id.*

At the Jail, "the sick call procedure is broken." *Id.* The inmates submit paper sick call requests seeking help from medical staff via the kiosk on the block. *Id.* Even when they submit multiple requests, they receive no medical attention. *Id.* The "medical staff make a conscious choice not to reply to inmates call for help." *Id.* This has been occurring for years, despite captain complaints submitted regarding this issue. *Id.*

On Cell Block Annex B at the Jail, there is black mold growing on the shower floor. (Doc. 1, p. 5). "A couple times a week inmates receive a 20oz cup of cleaner for 20 cells and if there is any cleaning solution left inmates clean/scrub the black mold and when it returns [they] repeat the process." *Id.* However, "[c]leanser is not a remedy for black mold." *Id.* The inmates "inhale black mold every time [they] visit the shower, once or twice daily. Black mold affects [them], harming inmates now and in the future." *Id.* The inmates have been complaining about this issue for well over 8 months, directly to Sgt. Nichols and through captain complaints, but nothing has been done. *Id.*

Inmates lock down three times a day, for 10 hours and 30 minutes total. *Id.* While locked down, they do not have emergency buttons accessible to them within their cells. *Id.* On June 7, 2017, Inmate Desimon Moore had a seizure, and the inmates yelled and kicked doors for 15 minutes before C.O. Smith, the nurse, and Sgt. Nichols arrived. *Id.* On Cell Blocks G and H, the individual cell doors do not lock. *Id.* From April 2016 to December 2016, inmates would run through the cellblock during lockdown. *Id.* Though "[s]upervisors are aware of these unsafe conditions . . . inmates are still housed on those blocks." *Id.* Inmates are beaten "during these times of disorder without a means to call for help." *Id.* "[T]hese conditions have been an issue

of safety for years and staff with maintenance have attempted to fix the doors but [have] been unsuccessful." *Id.*

Plaintiff seeks monetary and injunctive relief requiring the defendants to fix the grievance procedure, address the sick call process, install emergency buttons in the cells, and remove the black mold in the Jail. (Doc. 1, p. 6).

## **Discussion**

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendant McLauren in the body of his Complaint, despite his having listed him among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Plaintiff has not alleged that McLauren is "personally responsible for the deprivation of a constitutional right," and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation. *Id.* Further, St. Clair County Jail is not an appropriate defendant in this case. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It

is not a legal entity in the first place and is therefore not amenable to suit. Accordingly, McLauren will be dismissed from this action without prejudice, and St. Clair County Jail will be dismissed with prejudice.

Moving to the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Due process and/or First Amendment claim for failing to provide Plaintiff access to an adequate grievance procedure.
>
> **Count 2 –** Unconstitutional conditions of confinement claim for subjecting Plaintiff to an unsafe environment wherein the cell doors in cell blocks G and H failed to function and lock properly and the cells were without emergency buttons.
>
> **Count 3 –** Unconstitutional conditions of confinement claim for subjecting Plaintiff to health risks from mold in the showers at the Jail.
>
> **Count 4 –** Fourteenth Amendment claim for failure to provide Plaintiff with an adequate sick call procedure at the Jail.

As discussed in more detail below, Count 1 will be dismissed with prejudice, Counts 2 and 3 will be dismissed without prejudice, and Count 4 will be severed from this action. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Severance**

Count 4 represents a claim unrelated to the other counts in this action. Count 1, for reasons discussed below, is being dismissed with prejudice. While Count 2 is aimed at Jail "supervisors" and addresses the conditions of confinement at the Jail, as does Count 3, Count 4 is aimed at Jail "medical staff" and is based on members of the medical staff intentionally denying

medical treatment to inmates. Consistent with the *George* decision and Federal Rules of Civil Procedure 18 and 20, the Court shall sever Count 4 into a separate action, and shall open a new case with a newly-assigned case number for that claim.[1] A separate merits review shall be conducted in the severed case after it is opened and assigned to a judge. Plaintiff shall be assessed a new filing fee for the severed case.

### **Count 1**

Generally, a prison official's mishandling of grievances states no claim where the official "otherwise did not cause or participate in the underlying conduct." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The mishandling of grievances by a prison official, more specifically, does not give rise to a First Amendment claim for the denial of access to the courts. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing a suit in federal court. 42 U.S.C. § 1997e(a). However, administrative remedies are considered to be unavailable under the PLRA when prison officials fail to respond to a prisoner's grievances. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations omitted). In addition, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). A plaintiff who can demonstrate the unavailability of administrative remedies is relieved from the obligation to exhaust administrative remedies and can proceed with his or her suit. *Lewis*, 300 F.3d at 833.

---

[1] The Court notes that the claim being severed does not appear to be associated with any specific defendants at this time. It is, however, associated with the Jail "medical staff," none of whom are named as defendants in this case. As noted herein, because members of the medical staff are not listed as defendants in this case, the severed case will be opened in CM-ECF as against "Unknown Party." Plaintiff may be given leave to amend in the severed case so that he may properly name the relevant defendants.

The Complaint fails to state a First Amendment access to the courts claim for failing to provide Plaintiff with grievance forms or disregarding grievances. His access to the courts could not have been impeded by the alleged actions, as the unavailability of administrative remedies, as explained above, is no bar to potential litigants bringing their claims. Further, Plaintiff's claims in Count 1 must be dismissed for an alternative reason, in that Plaintiff failed to associate any specific defendants with that claim. Instead, he claims that "staff" at the Jail deprives inmates of an adequate grievance procedure, without further explanation or specification. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). For the foregoing reasons, Count 1 shall be dismissed with prejudice as frivolous.

### Count 2

Count 2 must also be dismissed because Plaintiff failed to adequately associate any specific defendants with this claim. Instead, he claims that "supervisors" are aware of the alleged conditions, without further explanation or specification.[2] When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed. FED. R. CIV. P. 10(a); *Myles*, 416 F.3d at 551-52. Count 2 shall therefore be dismissed for failure to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

---

[2] Plaintiff mentions Defendant Nichols during his discussion of his conditions of confinement claim based on the lack of emergency buttons in the cells, but he does not appear to blame Nichols for this alleged deprivation. Instead, he merely notes that Nichols was one of the individuals who responded to a medical emergency in Cell Block AB on June 7, 2017. Plaintiff does not allege that this emergency involved Plaintiff in any way.

7

## Count 3

During the relevant time, it appears that Plaintiff was a detainee rather than a convicted prisoner. Accordingly, Plaintiff's conditions of confinement claim under Count 3 derives from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to conditions claims raised by pretrial detainees. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017).

The propriety of applying the more stringent standard to pretrial detainees' conditions of confinement claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015). However, *Kingsley* was an excessive force case, and it is not yet clear the objective standard applies in other types of pretrial detention conditions cases. In 2016, the Seventh Circuit suggested that the deliberate indifference standard still applies to other types of claims by pretrial detainees. *See Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 554 n.31 (7th Cir. 2016) (acknowledging *Kingsley* but applying deliberate indifference standard to medical claim brought by pretrial detainee).

In a subsequent decision, however, the Seventh Circuit applied the objective unreasonableness standard to a claim raised by several pretrial detainees based on a jail's policy that deprived inmates of their underwear if it was not white. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856-58 (7th Cir. 2017). After *Mulvania,* the Seventh Circuit has

acknowledged, but declined to decide the issue on two occasions. *See Collins v. Al-Shami,* 851 F.3d 727, (7th Cir. 2017) (conditions of confinement case where Seventh Circuit expressly declined to address whether *Kingsley* applied to plaintiff's claims); *Smego v. Jumper,* 707 F. App'x 411 (7th Cir. 2017) ("We have not decided whether the reasoning in *Kingsley* extends beyond claims of excessive force. *See Collins*, 851 F.3d at 731; *but see Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (applying objective-reasonableness standard to detainee's conditions-of-confinement claim); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (same with failure-to-protect claim).").

In the instant case, the Court need not resolve any uncertainty pertaining to *Kingsley* and Plaintiff's conditions of confinement claim. Plaintiff's allegations regarding mold in the showers are incredibly general and do not address how Plaintiff, personally, has been affected by the mold. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996). Instead, he notes that "inmates" are given cleaner they use to clean the showers, that "inmates" inhale the mold, and that the mold "harm[s] *inmates* now and in the future." (Doc. 1, p. 5) (emphasis added). Plaintiff does not explain, or even hint, at how the mold has affected him personally or may have harmed him. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Plaintiff's assertion of harm is no more than a vague conclusion seemingly meant to satisfy this requirement, but Plaintiff has "an obligation to provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiff's claim that inmates complained about this issue to Nichols to no avail would also not be enough to state a conditions of confinement claim against Nichols even if Plaintiff's

9

recitation of the facts were otherwise sufficient to state a claim. This allegation does not constitute "factual content that allows the court to draw a reasonable inference that the defendant is liable for" subjecting Plaintiff to unconstitutional conditions of confinement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Instead, the allegation is at best "merely consistent with" Nichols' liability, while "stop[ping] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Nichols' involvement with, the extent of his knowledge of, and his culpability for the black mold is unclear given the bare bones allegations in the Complaint.

For these reasons, Count 3 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### **Injunctive Relief**

In the request for relief in the Complaint, Plaintiff seeks a "preliminary and permanent injunction ordering the defendants to rectify the grievance procedure so that inmates can exercise their right to grieve. Address the sick call process so inmates can see a medical professional. Get emergency buttons in cells and remove the black mold." (Doc. 1, p. 6).

In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013).

At this stage, Plaintiff has not demonstrated that his underlying case is likely to succeed on the merits, as each of his claims are being dismissed or severed from this case. Plaintiff has

also not explained how he is at risk of suffering irreparable harm without preliminary relief. He is no longer incarcerated at the Jail where the claims arose, and "when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Accordingly, Plaintiff's request for a preliminary injunction is **DENIED** without prejudice.

### Pending Motion

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 90) will be addressed in a separate order of the Court.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 4**, which is unrelated to the other claims in this action, is **SEVERED** into a new case against **UNKNOWN PARTY**.

The claim in the newly severed case shall be subject to screening pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 90).

Plaintiff **will be responsible for an additional $350 filing fee** in the newly severed case.[3] No service shall be ordered in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are Counts 1, 2, and 3, though Count 1 is being dismissed with prejudice and Counts 2 and 3 are being dismissed without prejudice herein*.

---

[3] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

**IT IS FURTHER ORDERED** that **MCLAUREN** and **NICHOLS** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **ST. CLAIR COUNTY JAIL** is **DISMISSED** from this action with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff has leave to amend his complaint in *this* action, if he wishes to assert any new facts or claims against **MCLAUREN** and **NICHOLS**. Within 28 days of this Order (**May 7, 2018**), Plaintiff may file a First Amended Complaint. He must list *this* case number, *i.e.*, No. 17-cv-871-JPG, on the first page of the pleading and label the document "First Amended Complaint." Plaintiff is strongly encouraged to use this District's standard civil rights complaint form when preparing his First Amended Complaint. Further, Plaintiff should only bring *related* claims against *common* defendants. Any claims found to be unrelated to one another and/or against different groups of defendants will be severed into one or more new cases at the Court's discretion, and Plaintiff will be assessed a separate filing fee in each case. If Plaintiff chooses not to file a First Amended Complaint or fails to comply with the deadline and/or instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). The **CLERK** is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form for use in preparing the First Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 9, 2018**

<u>**s/J. Phil Gilbert**</u>
**U.S. District Judge**