# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS GARRETT,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>PHILLIP MCLAUREN,<br>NICK NICHOLS, and<br>ST. CLAIR COUNTY JAIL,<br><br>　　　　　　Defendants. | Case No. 17-cv-871-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Carlos Garrett, a former detainee in St. Clair County Jail (the "Jail"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at the Jail. Plaintiff's Complaint (Doc. 1) was dismissed without prejudice on April 9, 2018, and he was granted leave to amend. (Doc. 96). In his Amended Complaint (Doc. 98), Plaintiff attempts to revive each of the four claims he brought in the original Complaint (Doc. 1), though his claim related to the sick call procedure at the Jail was severed from this action, and his claim related to the grievance procedure was dismissed with prejudice. (Doc. 96, p. 11). He also once again named St. Clair County Jail as a defendant in his Amended Complaint, though it was also dismissed with prejudice. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

1

complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to summarily dismiss this case.

## The Complaint

In his Amended Complaint (Doc. 98), Plaintiff makes the following allegations: during his time at the Jail from April to December 2016, Plaintiff did not have access to an adequate grievance procedure, he was subjected to unconstitutional conditions of confinement and health risks, and he did not have access to an adequate sick call procedure. (Doc. 98, p. 5). Plaintiff asks for the grievance procedure to be rectified, the sick call procedure to be addressed, for emergency buttons to be put in the cells, and for the black mold to be removed. (Doc. 98, p. 6).

## Discussion

In his Amended Complaint (Doc. 98), Plaintiff has wholly failed to expand upon his

allegations in the original Complaint (Doc. 1).  In fact, he has limited his allegations to no more than one line per original count designated in this action.  He has attempted to revive claims that were severed from this action or dismissed with prejudice, and he has re-named St. Clair County Jail as a defendant though it was also dismissed from this action with prejudice.  The Court therefore incorporates its reasoning in its previous Order (Doc. 96) by reference to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.

The failure of the Amended Complaint to state a colorable constitutional claim begs the question, should Plaintiff be given another opportunity to plead his case?  Leave to amend need not be granted when further amendment would be futile.  *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011).  "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id.*, failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)."  *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).  Giving Plaintiff leave to amend would clearly be futile in this case. Plaintiff has brought the same claims that were previously dismissed and has alleged far fewer facts to support them.  Accordingly, Plaintiff will not be given leave to amend, and this case will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 98), and this case, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 24, 2018**

                                                            <u>s/J. Phil Gilbert</u>
                                                           **J. PHIL GILBERT**
                                                           **United States District Judge**